UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Haytham Elzayn,

    Plaintiff,

v.

Anthony Trad, *et al.*,

    Defendants.

Case No. 2:23-cv-2407

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Anthony Trad and Christopher Trad (collectively, "Defendants") move to dismiss Haytham Elzayn's ("Plaintiff") Complaint for lack of personal jurisdiction. ECF No. 10. For the following reasons, the motion is **GRANTED**.

### I. FACTS

This case arises out a business relationship between the parties. *See generally*, Compl., ECF No. 1. In 2020, Defendants, who are citizens of Oregon and Washington, reached out to Plaintiff (a relative by marriage) to discuss starting a new limited liability company (the "Company") in Oregon. *Id.* ¶¶ 8–10. A few years later, Plaintiff agreed to fund the Company in exchange for a 50% membership interest in the same. *Id.* ¶¶ 11–12. This agreement was never formalized in the Company's operating agreement. *Id.* ¶ 17. After Plaintiff sent Defendants over $273,000.00, Defendants told Plaintiff that he was not a member of the Company. *Id.* ¶¶ 16, 18. Instead, Defendants believed that the money Plaintiff had given them was a loan. *Id.* ¶ 18.

Based on these allegations, Plaintiff asserts several claims against Defendants, including claims for breach of contract and fraud. *See generally, id.*

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to raise the defense of lack of personal jurisdiction by motion. Fed. R. Civ. P. 12(b)(2). If the Court rules on a Rule 12(b)(2) motion before trial, "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005) (citation omitted). In this case, the Court will proceed on only the submitted declarations.

## III. ANALYSIS

Defendants move to dismiss the Complaint for lack of personal jurisdiction. Mot., ECF No. 10.

As a rule, "[p]ersonal jurisdiction must be analyzed and established over each defendant independently." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006) (citation omitted). Here, however, Defendants are citizens of states other than Ohio, and Plaintiff's allegations are nearly identical for both Defendants. *See generally*, Compl., ECF No. 1. Thus, if the Court were to analyze personal jurisdiction separately for each Defendant, it would repeat itself. Thus, this case is a rare instance where it is appropriate to analyze personal jurisdiction over Defendants as a group. *See Smal & Partners UK Ltd.*

*v. Podhurst Orseck P.A.*, No. CIV. 11-5260 JLL, 2012 WL 1108560, at *3 (D. N.J. Mar. 2, 2012), *report and recommendation adopted*, No. CIV.A. 11-05260 JLL, 2012 WL 1107727 (D. N.J. Apr. 2, 2012) (acknowledging that, as a rule "a court analyzes specific personal jurisdiction on a defendant-by-defendant and claim-by-claim basis," but observing that "[c]ertain situations, however, may allow a court to assess defendants together" (citing cases)).

For specific jurisdiction—the only type of personal jurisdiction at issue here—the relevant Due Process inquiry is "whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)).[1]

The Sixth Circuit has established a three-part test to determine whether specific personal jurisdiction exists over a non-resident defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by

---

[1] Previously, the Court would have to consider whether exercising personal jurisdiction over a defendant was proper under Ohio's long-arm statute and under the Due Process Clause. However, after a 2020 revision, Ohio's long-arm statute became coextensive to the limits of the federal Due Process Clause. Ohio Rev. Code § 2307.382(C). Thus, if the Court finds that it has personal jurisdiction over Defendants under the federal Due Process Clause, it will also have personal jurisdiction over Defendants under Ohio's long-arm statute.

the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). As the Sixth Circuit has explained, this test is "based on existing Supreme Court jurisprudence on personal jurisdiction, primarily *International Shoe*." *Id.* at 550 (citation omitted). Further, "the approach simply applies in a specific fashion the broad rule requiring substantial minimum contacts as a basis for jurisdiction." *Id.* (internal quotation marks and citations omitted).

### A. Purposeful Availment

"Purposeful availment" is the "constitutional touchstone" of personal jurisdiction and is present where the defendant's conduct and connection with the forum are such that he "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (internal citations omitted).

The "'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result' from actions by the defendant *himself* that create a 'substantial connection' with the forum State."

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Burger King*, 471 U.S. at 474–75) (emphasis in original). The quality and nature of the defendant's contacts are crucial to the determination of purposeful availment. *See Burger King*, 471 U.S. at 474–75 (explaining that purposeful availment cannot be based on the "unilateral activity of another party or a third person" (internal quotation marks and citations omitted)). However, "physical presence in a forum state is not required." *Air Prod. & Controls, Inc.*, 503 F.3d at 551 (citation omitted).

Plaintiff offers the following "contacts" to support his contention that Defendants have purposefully availed themselves of Ohio: (1) Defendants entered into a business relationship with Ohio entities, including Plaintiff; (2) Defendants received multiple payments of $50,000.00 from Plaintiff, an Ohio citizen; (3) Defendants communicated via email and telephone with Ohio entities and Plaintiff, while Plaintiff was in Ohio; (4) Defendants "relied upon the support and management" of Ohio entities; and (5) Defendants caused an injury in Ohio.[2]

None of these "contacts" support purposeful availment. Working backwards, "mere injury to a forum resident is not a sufficient connection to the

---

[2] Plaintiff also alleges that Defendants worked for Plaintiff's Ohio company. Compl. ¶ 5, ECF No. 1. Plaintiff does not allege whether any of the work Defendants performed for that company happened in Ohio. Even assuming this employment could support purposeful availment, it could not be a basis for personal jurisdiction because none of Plaintiff's claims arise out of Defendants' employment with this Ohio company.

forum" to satisfy purposeful availment. *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

As to the rest of the contacts, they also fall short of purposeful availment. "Entering into a contract with an out-of-state party alone does not automatically establish sufficient minimum contacts[.]" *Air Prod. & Controls, Inc.*, 503 F.3d at 551 (citing *Burger King*, 471 U.S. at 478–79). Instead, when there is a contract with a forum resident, a court must also consider "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing[.]" *Burger King Corp.*, 471 U.S. at 479.

Here, Defendants do not have sufficient contacts to have purposefully availed themselves of Ohio. True, Plaintiff alleges that he and Defendants had a contract, but there is no evidence of a long-term relationship: although Plaintiff alleges Defendants "discussed" business plans with Plaintiff as early as 2020, the alleged contractual relationship lasted less than a year. *Cf. Sizzling Black Rock Steak House Franchising, Inc. v. Harold L. Kestenbaum, PC*, No. 21-CV-11621, 2021 WL 5989024, at *10 (E.D. Mich. Dec. 17, 2021) (finding defendant-attorneys purposefully availed themselves of Michigan based on a seven-year relationship with their Michigan client on whose behalf they negotiated multiple contracts within Michigan). Nor does Plaintiff allege any plans for future consequences of the parties' relationship in Ohio. *Cf. Tharo Sys., Inc. v. Cab Produkttechnik GMBH & Co. KG*, 196 F. App'x 366, 369–72 (6th Cir. 2006) (finding personal jurisdiction appropriate based on a fifteen-year business

relationship where the parties "envisioned a long-term partnership"). In sum, Defendants did not purposefully avail themselves of Ohio. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) (concluding the defendants did not purposefully avail themselves of Ohio when their communications with and visits to the plaintiff in Ohio happened "solely because [the plaintiff] chose to be headquartered in Ohio, not because [the defendants] sought to further [their] business and create 'continuous and substantial' consequences there").

**B.    Arising From**

Under the second part of the test, the "cause of action must 'arise from' the defendant's activities in the forum state." *See Air Prods. Controls Inc.*, 503 F.3d at 553. A cause of action "arises from" a defendant's activities in the state when the "defendant's contacts with the forum state are related to the operative facts" of the plaintiff's cause of action. *CompuServe, Inc.*, 89 F.3d at 1267 (citation omitted). Said another way, "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

This cause of action does not arise from Defendants' contacts with Ohio. Distilled, Plaintiff alleges that Defendants wrongfully failed to give Plaintiff a 50% membership interest in the Company, which is in Oregon. *See generally* Amend.

Compl., ECF No. 1. However, Plaintiff does not allege that any of Defendants' actions that led to or were related to that failure happened in Ohio—beyond the mere fact that Plaintiff was in Ohio at the time. *Id.* Therefore, there is an insufficient nexus between Ohio and the underlying controversy such that personal jurisdiction over Defendants would be inappropriate. *See Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum[.]").

**C. Reasonableness**

Finally, courts employ several factors to determine whether there is a sufficient connection such that exercise of personal jurisdiction is reasonable. They include: (1) the "burden on the defendant" to litigate in the forum state; (2) the "interest of the forum state"; (3) the "plaintiff's interest in obtaining relief"; and (4) the "interest of other states in securing the most efficient resolution" of the case. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996) (internal quotation marks and citations omitted).

Here, personal jurisdiction over Defendants would not be reasonable. Only the second factor weighs in Plaintiff's favor. For that factor, "Ohio has a legitimate interest in protecting the business interests of its citizens," *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002), and Plaintiff is a citizen of Ohio. The remaining factors weigh against Plaintiff. Under the first factor, the burden on Defendants would be great, in light of their minimal contacts with the forum. With respect to the third and fourth factors, Plaintiff can still seek to obtain relief in

other jurisdictions. Thus, dismissal of this lawsuit will not leave Plaintiff without recourse. On balance, the Court concludes that Defendants' connection with Ohio is insufficient to make the exercise of jurisdiction over Defendants reasonable.

Accordingly, the Court lacks personal jurisdiction over Defendants under the federal Due Process Clause.

### IV. CONCLUSION

For these reasons, Defendants' motion is **GRANTED**. The Clerk shall terminate ECF No. 10 and close this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**